In the Matter of the ALLIED NEW YORK SERVICES, INC., Petitioner, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission, Respondents. — Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission. Petitioner is engaged at Idlewild Airport in the delivery of aviation fuel to airlines under exclusive contract with the New York Port Authority which regulates the movement of fuel on the field and places upon petitioner fixed responsibilities relating thereto. By separate agreements with oil companies which sell fuel to airlines, the petitioner charges a rate based on gallons handled at the airport. The petitioner is not permitted by the Port Authority agreement to have any interest in any aviation fuel handled by it or to buy or sell fuel for its own account and is required by this agreement and the separate agreements with the oil companies to make good any losses or shortages in fuel while in its possession by paying the price thereof to the oil company. The losses thus contemplated are, in general, those caused by evaporation, leakage or spillage, water testing, and temperature changes. Such losses are regularly experienced in this kind of handling and there is proof in the record that it may run up to one half of one per cent. In the period here involved, from December 1, 1954 to September 30, 1955, petitioner stored and delivered more than 65 million gallons of fuel. There was a loss of 8,790 gallons, on which the oil companies had paid $351.60 in New York State motor fuel taxes. Petitioner has paid the oil companies for the loss, including the tax. The problem pre-

sented on the proceeding is whether petitioner which has paid for the fuel including the tax, is entitled to a refund of the tax under section 289-c of the Tax Law. The respondents, members of the State Tax Commission, have held petitioner is not entitled to reimbursement. Factual findings have been made by the respondents in accordance with the foregoing statement, and, indeed, the facts are not in dispute. The statute provides that any person "who shall buy any motor fuel, on which the tax imposed by this article shall have been paid, and shall consume the same in any manner except in the operation of a motor vehicle upon or over the highways of this state, shall be reimbursed the amount of such tax" (Tax Law, § 289-c, subd. 3). The fuel lost in petitioner's possession was not used in a motor vehicle on a highway. It was intended to be used in aviation and not in highway use. It is conceded that as far as the owner is concerned the tax would ordinarily be reimbursable. The legal position of the Tax Commission is that petitioner is not a "purchaser" and did not buy the fuel; and it stresses the fact the petitioner's contract with the Port Authority prevents it from buying or selling fuel or having any interest in the fuel "except in accordance with the terms and conditions of this agreement". We think, however, the petitioner was by that contract made the purchaser of the fuel that was lost while in its possession. To the extent of its responsibility to pay for the fuel it lost, at least, the contract permitted and required petitioner to purchase the fuel, and the agreement must be read as a whole in this sense. Thus petitioner became a "purchaser" in the "usual meaning" referred to in section 282 setting up definitions. The refund provision refers to a person "who shall buy  *  *  *  and shall consume" fuel not in a highway use. The loss by evaporation, spillage and related ways is a consumption for which a refund would apply. The purchase was clearly made by payment. Only the sequence of events changes, i.e., the petitioner consumed and then purchased, rather than purchased and then consumed, and we think that sequence does not adversely affect the right to refund. Determination annulled and refund directed, with $50 costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.